IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN DOE I,

      **Plaintiff**

  vs.                          NO. 04cv0838 JH/WDS

**THE CATHOLIC DIOCESE OF EL PASO, et al**

      **Defendants**

### MAGISTRATE JUDGE'S PROPOSED
### FINDINGS AND RECOMMENDED DISPOSITION[1]

This matter comes before the Court on Plaintiffs' Motion for Leave to File Amended Complaint to Join Additional Parties and to Remand This Action Back to State Court (Doc No 29). Plaintiffs filed their original complaint in Third Judicial District Court of New Mexico in the summer of 2004, alleging sexual molestation by the Defendant priest, who was at the time assigned to St. Genevieve Parish (Parish) in Las Cruces. The alleged events occurred in 1976 or 1977. At the time of the alleged molestation, the parish was in the Diocese of El Paso (Diocese). The Diocese removed the case to U. S. District Court for the District of New Mexico on July 26, 2004. In its answer the Diocese made general denials concerning its responsibility for the Defendant priest. In its answers to interrogatories, sent to Plaintiffs on February 2005, the Diocese asserted that the Parish paid the Defendant priest and provided for his meals and lodging. The Diocese also asserted that they had no

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

knowledge of any of the Defendant priest's activities during that time and they denied all responsibility for the priest's actions.

At a status conference in this case, held on September 13, 2005, before Judge Martinez, the Diocese apparently again asserted that the Defendant priest did not work for them and that the Parish was responsible for him if anyone. In response, Plaintiff filed suit in state court against the Parish and its supervising diocese, the Diocese of Las Cruces ( a diocese which was not in existence at the time of the alleged molestations). Immediately after filing the state court suit Plaintiffs made this motion to amend adding the additional parties and making the same claims as in the state court filing. The Plaintiffs are apparently dismissing the Diocese of Las Cruces from the state lawsuit and are no longer attempting to add them as a defendant in this lawsuit.

The Diocese opposes the amendment on the basis that it is solely an attempt to defeat federal jurisdiction, it is untimely, and it is futile.

Both parties agree the Court has discretion to grant or deny the amendment applying the balancing factors set out in *Hensgens v. Deere and Co., 833 F.2d 1179 (5th Cir. 1987).* If the Court allows the amendment the case must be remanded to state court as diversity no longer exists. If the amendment is denied the case remains in this Court. The factors the *Hensgens* court set out were: 1) the extent to which the purpose of the amendment is to defeat jurisdiction; 2) whether Plaintiffs were dilatory in moving for the amendment; 3) whether a denial of the motion will significantly injure the Plaintiff; and 4) any other factors bearing on the equities. Factor 1 above recognizes Defendant's legitimate interest, provided under federal law, to maintain his removed case in federal court.

Applying the factors set out in *Hensgens* to the facts in this case results in the following balance. While Plaintiffs' ultimate purpose in moving to amend may never be known, the amendment

in this case would clearly prejudice Defendant's previous choice of a federal forum. There has been significant delay by Plaintiffs in moving to amend. Plaintiffs knew when they filed their complaint, nearly thirty years after the alleged molestation, that the Defendant priest was serving at the Parish during the assaults. This was apparent as they were members of the Parish at the time of the alleged assault. Yet, Plaintiffs did not originally sue the Parish. They were given some notice in the answer in the summer of 2004 that Defendant was denying responsibility for the priest. In Defendant's answers to interrogatories in February 2005 the denial of responsibility on Defendant's part was made very clear. Plaintiff, however, waited until September 2005, to move to amend.

On the issue of prejudice to Plaintiffs, they sued the Las Cruces Diocese and the Parish in state court immediately before filing this motion to amend. Thus, even if this motion were denied, they would not be unduly prejudiced as their state court suit would still be pending.

Plaintiffs submitted an affidavit in support of remand from the current Chancellor for the Diocese of Las Cruces, which without any indication of personal knowledge on the part of the affiant, asserts that the Defendant Diocese was the employer of the Defendant priest and was responsible for his actions. Plaintiff asserts that the purpose of the affidavit is to show that there is a real controversy between the Defendant Diocese and St. Genevieve Parish on the issue of who was responsible for the actions of the Defendant priest. The Court accepts that a real controversy exists. The affidavit is not persuasive, however, on the issue of remand. The Court concedes that from a tactical standpoint it would have been better to have sued both the Diocese and the parish in the same original suit. That was not done and the delay in attempting to amend to accomplish that end is the key issue before the Court.

Even without the amendment, if Plaintiffs are able to prove the allegations made against the

3

Defendant Diocese in this case, they will, as Defendant concedes, be able to recover fully for the injuries alleged in this forum. Lastly, Defendant Diocese argues that the amendment is futile as the addition of parties would violate the statute of limitations. Insufficient facts are presented to allow the Court to consider that issue, therefore, that does not figure into the balance.

This Court finds no other factors that bear on the equities of the case which argue for allowance of the amendment and remand.

## RECOMMENDED DISPOSITION

Weighing all of the factors present in this case, it is the recommendation of the United States Magistrate Judge that Plaintiffs' motion to amend is not well taken and should be denied.

**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**